UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.: 3:00-CR-00249 (JCH) |
| | : | |
| ERNEST ORTALE | : | JANUARY 3, 2008 |

**MEMORANDUM IN SUPPORT OF SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Ernest Ortale, through undersigned counsel, respectfully requests that this Court terminate his probation pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3564(c), and 18 U.S.C. § 3583(e). Mr. Ortale presents the following memorandum in support of his motion for early termination of supervised release.

Section 3564(c) states that the Court, after considering the factors listed in 18 U.S.C. §3553(a), may terminate a term of probation and discharge the defendant at any time after the expiration of one year of probation in felony cases. Mr. Ortale began his probation upon his release from detention in January, 2005, well beyond the minimum one year requirement.

Both §§ 3564(c) and 3583(e) state that the court may terminate supervised release if the court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. A district court considering a motion for early termination of supervised release need not make specific findings of fact as to the Section 3553(a) factors, although the court must state that it has considered those facts or otherwise demonstrate that it has considered them. United States v. Gammarano, 321 F.3d 311, 315-16 (2d Cir. 2003).

Applying the §3553(a) factors and the requirements of §§ 3564(c) and 3583(e) to the facts of this case, it is clear that this is the type of case where early termination is warranted.

1

The first §3553(a) factor includes "the nature and circumstances of the offense and the history and characteristics of the defendant." Mr. Ortale was charged with a non-violent offense involving a conspiracy to distribute marihuana. Mr. Ortale had not been arrested or convicted of any crime within the ten years preceding his current offense. He has never been arrested for any violent offense. Similarly, his conduct in prison revealed no propensity for violence.

Mr. Ortale's conduct since his arrest for this offense shows consistent cooperation with federal authorities. His cooperation began when, in a timely fashion, he accepted responsibility for his criminal acts, plead guilty, paid the $10,000 fine included in his sentence, and voluntarily surrendered to the Bureau of Prisons facility to which he was designated. Mr. Ortale cooperated with the government's case against other individuals and testified at their trial. His testimony proved to be an important factor in the convictions of those individuals. As a result of this cooperation, the government made a U.S. Sentencing Guideline §5.K motion for a sentence below the guideline range. At Mr. Ortale's sentencing, the Court agreed that he had provided substantial assistance to the government and reduced his prison sentence from its initial length, four to six years, *to twenty months*. He was released after serving eighteen months with a clear record of good behavior.

The second factor in §3553(a)(2) is the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. The significant reduction in Mr. Ortale's sentence (4-6 years reduced 20 months) under the federal guidelines was a reflection of his substantial cooperation with the government. The reduction was only granted after Mr. Ortale placed himself at substantial risk by testifying against other defendants and threw himself at the mercy of the court. In light of Mr. Ortale's substantial

2

assistance to the government, early termination of his supervised release will not minimize the seriousness of the offense, hinder respect for the law, or impede just punishment.

§3553(a)(2)(B) discusses the need to afford adequate deterrence for criminal conduct. As discussed above, Mr. Ortale faced a significant prison term of 4-6 years. The reduction to twenty months was imposed after his acceptance of responsibility for his crime and cooperation in obtaining the convictions of other individuals. Thus, the impact of the sentence and early termination will not effectuate deterrence, but will provide an incentive to other criminal defendants to cooperate with the government.

Other factors set forth in §3553(a)(2)(C) and (D) include the need to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Mr. Ortale's conduct since his release demonstrates that these goals have been realized. He has not been arrested or implicated in any criminal conduct since his release. Further, Mr. Ortale has taken and passed every bi-weekly and monthly drug test required during his probation.

Other considerations indicate that Mr. Ortale has achieved the goals of supervised release and that his term of probation should be terminated. Mr. Ortale has stabilized his life and successfully transitioned himself into society. He has been employed since his release, and has been working as a salesman at Jake's Auto in West Haven, Connecticut for the last eleven months. He has been successfully maintaining a residence, without the assistance of a roommate, at the same residence since 1992.

Further, Mr. Ortale has not missed a weekly check-in phone call to his probation officer, who has been informed of Mr. Ortale's motion for early termination of probation. Her office has indicated that she does not oppose the motion.

Mr. Ortale is a fifty-eight year-old man who has become a functioning, contributing member of society. His behavior subsequent to his arrest, including his acceptance of responsibility for his crime and his substantial cooperation with the government, demonstrates that his conduct and the interest of justice warrant the early termination of his term of supervised release.  He has complied with every requirement of his probation and the deterrent value of this case, if any, has been fully realized.

WHEREFORE, it is respectfully requested that the Court grant Mr. Ortale's motion for early termination of his supervised release pursuant to 18 U.S.C. §3583(e) and 18 U.S.C. §3564(c).

                THE DEFENDANT, ERNEST ORTALE

       By: s/ David R. Gronbach
            David R. Gronbach
            Moynahan & Minnella, LLC
            141 East Main Street, P.O. Box 2242
            Waterbury, Connecticut   06722-2242
            Phone No. (203) 573-1411
            Facsimile No. (203) 757-9313
            Email Address:  dgronbach@moynahanlawfirm.com
            Federal Bar No. ct26900

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.: 3:00-CR-00249 (JCH) |
| | : | |
| ERNEST ORTALE | : | January 3, 2008 |

## CERTIFICATE OF SERVICE

I, David R. Gronbach, hereby certify that on January 3, 2008, a copy of the foregoing MEMORANDUM IN SUPPORT OF SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ David R. Gronbach
        David R. Gronbach
        Federal Bar No.: ct26900